UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-282-05-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | |
| SALAHUDEEN ABDUL ABDALLAH, | ) | |
| Defendant | ) | |

On December 20, 2010, the undersigned received a letter from Salahudeen Abdul Abdallah, dated December 16, 2010. Therein, Abdallah explained that information concerning a shooting in 2004 for which he was neither charged nor convicted is contained in his Presentence Report and is being used by the Bureau of Prisons ("BOP") to enhance his security level. That security level requires him to be housed in a "penitentiary" rather than a medium security Federal Correctional Institution, and prevents his designation to a facility in closer proximity to his family. Abdallah requests that the court "inform the Warden that this information (in the Presentence Report) should not be held against me, therefore my security level can be dropped/reduced."

The gravamen of Abdallah's request is a challenge to the execution of his sentence. Such a challenge must be filed in the district in which a prisoner is housed (here, the Middle District of Florida), in the form of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This court has no jurisdiction to entertain such a petition under these circumstances. Moreover, it does not appear that Abdallah has exhausted any administrative remedies within the Bureau of Prisons, generally a prerequisite to prosecuting a § 2241 petition.

*See Timms v. Johns*, ___ F.3d ___, No. 10-6496, 2010 WL 4925395, slip op. at 5 (4th Cir. Dec. 6, 2010). In any event, the Supreme Court has determined that a federal prisoner has no due process right to any particular security classification, *see Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

Rather than deem Mr. Abdallah's letter to be a § 2241 petition for which relief may not be had in this court, the court hereby DIRECTS the Clerk of Court to file Mr. Abdallah's letter and docket it *nunc pro tunc* for December 20, 2010, the date on which it was received by the court. The Clerk should designate the document as "non-public correspondence," rather than a motion or petition. This Memorandum should be linked in the docket with that letter. The Clerk of Court further is DIRECTED to provide Mr. Abdallah with a copy of this Memorandum at the return address contained in his letter.

This, the __3rd__ day of January, 2011.

_____
JAMES C. FOX
Senior United States District Judge